Filed 5/10/21  P. v. Goldenberg CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VADIM GOLDENBERG,<br><br>    Defendant and Appellant. | A158428<br><br>(San Mateo County Super. Ct. No. 18-NF-011959-A) |

Defendant Vadim Goldenberg appeals from the trial court's sentencing order, placing him on probation for three years after convictions for two felonies and one misdemeanor.  Goldenberg's sole contention on appeal is that his probationary term must be reduced pursuant to recently enacted Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill No. 1950) (Stats. 2020, ch. 328, §§ 1 & 2).  We agree and therefore order a limited remand for this purpose.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 2018, Goldenberg was charged by information with felony bringing contraband into the jail (Pen. Code,[1] § 4573, subd. (a), count one), felony resisting an executive officer (§ 69, count two), and misdemeanor destroying evidence (§ 135, count three). The information further alleged that Goldenberg had suffered a prior strike for battery with great bodily injury (§§ 243, subd. (d), 1170.12, subd. (c)(1)) and that the battery along with two additional prior felonies affected his eligibility for probation (§ 1203, subd. (e)(4)). The charges stemmed from an incident on October 2, 2018 during which Goldenberg "swallowed approximately 5 grams of concentrated cannabis wax while being searched during the booking process at the jail. He ignored and resisted officers' commands to spit the substance out of his mouth."

On June 17, 2019, a jury found Goldenberg guilty on all counts. The court struck Goldenberg's prior strike at the prosecutor's request. On July 16, 2019, the trial court sentenced Goldenberg to time served and placed him on concurrent three-year terms of probation with respect to the two felony counts, with various terms and conditions including that Goldenberg be evaluated and participate in counseling and treatment as directed. The record is unclear as to the disposition of the misdemeanor count. The trial court stated at sentencing that it was imposing no custody time on count three, but the minute order indicates imposition of a concurrent sentence of time served. What is clear from the record is that the probationary terms applied equally to all counts. Goldenberg timely appealed.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

## DISCUSSION

At the time Goldenberg was sentenced in this matter, the trial court had the discretion to order probation "for a period of time not exceeding the maximum possible term of the sentence" or, where the maximum possible term was five years or less, for a maximum of five years. (Former § 1203.1, subd. (a).) In addition, former section 1203a provided that a trial court could grant misdemeanor probation for a period not to exceed the greater of three years or the maximum time for which a sentence of imprisonment might be pronounced. (Former § 1203a.) While this appeal was pending, the Legislature enacted Assembly Bill No. 1950, amending section 1203.1 to limit felony probation to a maximum term of two years, absent certain circumstances. (§ 1203.1, subd. (a).) Section 1203a was similarly amended to impose a general limit of one year for misdemeanor probation. (§ 1203a.)

The legislation is silent as to retroactivity. Goldenberg argues it is ameliorative and therefore applies to his case pursuant to *In re Estrada* (1965) 63 Cal.2d 740 and subsequent precedent. The Attorney General does not contest the retroactive application of the statutory amendments. It would be difficult for the Attorney General to contend otherwise in view of appellate authority uniformly finding retroactivity, including two opinions from this district.

Several courts have now found Assembly Bill No. 1950 to be ameliorative and therefore retroactive. (*People v. Stewart* (2021) 62 Cal.App.5th 1065, pp. 1070-1074(*Stewart*) [amendments to section 1203.1 retroactive]; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885 (*Quinn*) [same]; *People v. Sims* (2021) 59 Cal.App.5th 943, 955-964 (*Sims*) [same]; see also *People v. Burton* (2020) 58 Cal.App.5th Supp 1, 11-19 (*Burton*) [finding amendments to section 1203a retroactive].) "By limiting the maximum

3

duration of probation, Assembly Bill 1950 has 'a direct and significant ameliorative benefit for at least some probationers who otherwise would be subject to additional months or years of potentially onerous and intrusive probation conditions.' [Citation.] Shortening the length of probation terms is also ameliorative in that it reduces the 'potential for the [probationer] to be incarcerated due to a violation.' [Citation.] Probation violations—which may be based on conduct not amounting to a new crime and need only be proven by a preponderance of the evidence—often result in incarceration. [Citation.] The longer the period of probation, the more likely the probationer will be found in violation of a probation condition. Conversely, by limiting the duration of probation, Assembly Bill 1950 ameliorates possible punishment for probationers as a class by 'ensur[ing] that at least some probationers who otherwise would have been imprisoned for probation violations will remain violation free and avoid incarceration.' [Citation.]" (*Stewart*, at 1072.)

The question remains regarding the appropriate remedy under these circumstances. The Attorney General suggests that merely striking the excess portion of the probationary period is not appropriate as it fails to give the trial court and the parties an opportunity to consider the current status of the case and adjust or modify probationary terms as necessary. He recommends the matter be remanded so that the court can address the probationary terms consistent with Assembly Bill No. 1950. Goldenberg, in contrast, asserts that this court should simply modify his probationary terms to conform to the new legislation. He claims that remand is unnecessary and would be a waste of governmental and judicial resources. We think the Attorney General has the better argument.

The published cases in this area are split on the remedy question, with two simply ordering the probationary terms modified (*Stewart* and *Quinn*)

4

and two remanding for resentencing (*Sims* and *Burton*). None of these courts, however, explained the reasons for their choice of disposition. Here, we believe remand is more appropriate. Goldenberg has conditions of probation requiring evaluation and completion of treatment, potentially in a residential setting, as well as drug and alcohol testing. As the Attorney General points out, we are unaware on this record whether Goldenberg is abiding by the terms of his probation, whether revocation proceedings are pending, or whether certain probationary terms might need adjustment, in light of the newly imposed two-year limit. Moreover, by the time our decision in this matter is final, Goldenberg will be very close to that two-year mark, and thus a simple modification may leave outstanding issues unaddressed prior to the termination of his probation. Neither *Quinn* nor *Burton* considered a remand to address such concerns, which we perceive may be beneficial to Goldenberg. Finally, on remand the court can clarify the record with respect to the length of the jail term, if any, imposed on the misdemeanor count.

## DISPOSITION

The order of probation is reversed, and the matter is remanded to the trial court with directions to modify Goldenberg's terms of probation consistent with the amendments to sections 1203a and 1203.1, subdivision (a) effective January 1, 2021. Should either the People or Goldenberg wish to make further motions regarding the length or conditions of probation, each may file the appropriate motion(s) with the trial court. In all other respects the judgment is affirmed.

5

_____

SANCHEZ, J.

We concur.

_____

HUMES,  P.J.

_____

MARGULIES, J.

(A158428)

6